Samantha M. Swanson, SBN 286954
sswanson@adamsferrone.com
**ADAMS, FERRONE & FERRONE**
4333 Park Terrace Drive, Suite 200
Westlake Village, California 91361
Telephone: (805) 373-5900
Facsimile:  (818) 874-1382

Attorneys for Plaintiffs,
MATT JACKSON, ET AL.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT JACKSON, PETER AGUILAR, MARCO A. ARREDONDO, ADAM BERGER, KEVIN BLAND, MATTHEW BRISKIE, MIKE BROWNE, KYLE BUSBY, BRANDON CARROLL, JEFFREY CHATELAIN, SUNNY CHEN, CORY CISNEROS, CHRISTOPHER DAVIS, BRIAN DE LA CRUZ, DANIEL EMERSON, JEFF FLANAGAN, SHERARD FLORES, CARLOS GALVEZ, JAMELLE GIBBS, BRIAN GILMORE, ERIC GONZALEZ, JUSTIN GOODEY, MICHAEL HAMBEL, GUY HAMILTON, BRENT E. HAMM, KYLE HARGROVE, BRYAN HAUSER, PETER HECTOR, TODD E. HILLS, ERIK ISAMBERT, JOSEPH JUSTUS, LARRY TODD KLIEWER, PAUL KRUEGER, GREG LAFLEUR, BRIAN LAGARCE, JOHN LAZETTE, RONNIE LUJAN, WILLIAM B. MANSOUR, DAVID MATYAS, CURTIS MCCART, MIKE | Case No.: 2:16-cv-08963<br><br>**COMPLAINT ALLEGING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** (29 U.S.C. §§ 201 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

1

**FLSA COMPLAINT**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | MCCLUER, PHIL MCCULLOUGH, PATRICK MCGOWAN, BRENT MEIER, HARDY MOSLEY, TERRY PAREDEZ, TERRENCE POINDEXTER, CHRISTOPHER QUINONES, JOSHUA RICHLING, ANDY ROBERTSON, JASON ROBLES, ESTEBAN RODRIGUEZ, JAMES S. RUDROFF, ALAN SAMS, STEVEN SEEBA, JOSEPH SILGUERO, TODD D. SMITH, TODD STOWE, SEAN WISE, and DUSTIN WORLEY,<br><br>            Plaintiffs,<br>    vs.<br><br>CITY OF WEST COVINA; and DOES 1 THROUGH 10, inclusive,<br><br>            Defendants. |

## JURISDICTION

1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claim arises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

## VENUE

2.  Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions giving rise to the claim occurred in this District.

## PARTIES

3.  Plaintiffs Matt Jackson, Peter Aguilar, Marco A. Arredondo, Adam Berger, Kevin Bland, Matthew Briskie, Mike Browne, Kyle Busby, Brandon Carroll, Jeffrey Chatelain, Sunny Chen, Cory Cisneros, Christopher Davis, Brian

De La Cruz, Daniel Emerson, Jeff Flanagan, Sherard Flores, Carlos Galvez, Jamelle Gibbs, Brian Gilmore, Eric Gonzalez, Justin Goodey, Michael Hambel, Guy Hamilton, Brent E. Hamm, Kyle Hargrove, Bryan Hauser, Peter Hector, Todd E. Hills, Erik Isambert, Joseph Justus, Larry Todd Kliewer, Paul Krueger, Greg LaFleur, Brian Lagarce, John Lazette, Ronnie Lujan, William B. Mansour, David Matyas, Curtis McCart, Mike McCluer, Phil McCullough, Patrick McGowan, Brent Meier, Hardy Mosley, Terry Paredez, Terrence Poindexter, Christopher Quinones, Joshua Richling, Andy Robertson, Jason Robles, Esteban Rodriguez, James S. Rudroff, Alan Sams, Steven Seeba, Joseph Silguero, Todd D. Smith, Todd Stowe, Sean Wise, and Dustin Worley are each United States citizens and are currently employed by the Defendant City of West Covina.

4. Defendant City of West Covina (City) is a political subdivision of the State of California. Defendant is, and at all relevant times was, the employer of Plaintiffs. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

## CLAIM FOR RELIEF

5. Plaintiffs are non-exempt rank and file employees who are regularly suffered or permitted to work in excess of the applicable overtime threshold every work period, but do not receive compensation for all such time worked at the rate of one and one-half times their regular rate of pay from Defendant.

6. Defendant has acknowledged this mistake, but has refused to fully correct the matter. Not only is Defendant not paying for all hours worked above the overtime threshold, but based upon information and belief, Defendant does not include all forms of compensation in its calculation of the Plaintiffs' regular rate of pay, all in violation of 29 U.S.C. Section 207.

7. Plaintiffs must be paid compensation for overtime work pursuant to the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207, et

seq. ("FLSA"), and regulations of the United States Department of Labor, and state and local law, but they were not so paid.

8. Plaintiffs have informed Defendant that the complained of policies and practices violate FLSA overtime provisions. However, Defendant has refused to alter said policies and practices. In fact, Defendant has refused to provide any meaningful response explaining its rationale and/or defense to said illegal practices. Rather, Defendant has maintained the illegal practice.

9. Defendant knew or should have known of its obligation to pay overtime compensation to Plaintiffs but nevertheless failed to honor that obligation.

10. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA.

11. Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

12. As a direct and proximate result of their failure and refusal to pay such compensation, Defendant has violated Title 29 U.S.C. §207, et seq.

13. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required and such other and further damages as may be shown.

14. Plaintiffs are also entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

15. Plaintiffs are also entitled to recovery of reasonable attorney fees and costs incurred in pursuit of this action pursuant to 29 U.S.C. §216(b).

16. Doing all things described and alleged, Defendant has deprived, and continue to deprive Plaintiffs of their rights, privileges and immunities which were clearly established at the time the Defendant acted herein and the Defendant knew

**FLSA COMPLAINT**

1  or should have known that its conduct would violate these rights, privileges and
2  immunities. The Defendant acted with the intent to deprive the Plaintiffs of their
3  rights, privileges, and immunities by purposely and intentionally refusing and
4  failing to pay or compensate Plaintiffs for hours they worked.
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**FLSA COMPLAINT**

## PRAYER

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1. All actual, consequential, liquidated and incidental losses and damages, according to proof;
2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to proof at trial;
3. Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;
4. Any and all other relief, including equitable relief, as the Court may deem just and proper.

Respectfully submitted,

Date: December 2, 2016        **ADAMS, FERRONE & FERRONE**

　　　　　　　　　　　　　　　　/s/ - Samantha M. Swanson
　　　　　　　　　　　　　　Samantha M. Swanson, Esq.
　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　MATT JACKSON, ET AL.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial under F.R. Civ. P., Rule 38 and E.D. Local Rule 201.

Respectfully submitted,

Date: December 2, 2016        **ADAMS, FERRONE & FERRONE**

　　　　　　　　　　　　　　　　/s/ - Samantha M. Swanson
　　　　　　　　　　　　　　Samantha M. Swanson, Esq.
　　　　　　　　　　　　　　Attorneys for Plaintiffs,
　　　　　　　　　　　　　　MATT JACKSON, ET AL.